FILED

SEPEHR DAGHIGHIAN, State Bar No. 239349
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 North Camden Drive, Fourth Floor
Beverly Hills, California 90210
Telephone: (310) 887-1333
Facsimile: (310) 887-1334
E-mail: sepehr@daghighian.com

2013 JUN -3 PM 2:15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

Attorney for Plaintiff:
**SOLAR SUN RINGS, INC.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ED CV 13 - 00999 JGB (OPx)

| | |
|---|---|
| SOLAR SUN RINGS, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PACIFIC BACKYARD, LLC, a Delaware Limited Liability Company; BACKYARD OCEAN, a business entity form unknown d/b/a WWW.BACKYARDOCEAN.COM; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

COPY

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

**COMPLAINT**

Plaintiff, SOLAR SUN RINGS, INC., A California Corporation ("SSR" or "Plaintiff"), files this Complaint against PACIFIC BACKYARD, LLC, a Delaware Limited Liability Company, BACKYARD OCEAN, a business entity form unknown d/b/a WWW.BACKYARDOCEAN.COM (each a Defendant"; collectively "Defendants"), DOES 1 through 50, inclusive, and demanding a trial by jury, avers as follows:

## JURISDICTION AND VENUE

1. This is a civil action for patent infringement, under the United States Patent Act, 35 U.S.C. § 101 *et seq.* The Court therefore has jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because the named defendants conduct business activities within this District and the acts of infringement have taken place in this district.

## THE PARTIES

3. Plaintiff, SOLAR SUN RINGS, INC., is a corporation organized and existing under the laws of the State of California.

4. Upon information and belief, Defendant PACIFIC BACKYARD, LLC, is a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business at 23 East 3rd Avenue, Suite 200, San Mateo, California 94401 (hereinafter "PACIFIC BACKYARD").

5. Upon information and belief, Defendant BACKYARD OCEAN d/b/a WWW.BACKYARDOCEAN.COM is a business entity form unknown, with its principal place of business at 15621 Adrian Road, Burlingame, California 94010 (hereinafter "BACKYARD OCEAN").

///

///

///

- 2 -
COMPLAINT

## FACTS COMMON TO ALL COUNTS

6. This action is brought to obtain equitable and legal relief for the Defendant's infringement of Plaintiff's United States Patents.

7. Plaintiff is the owner of United States Patent No. D579,570 entitled Floating Spa Cover and awarded to Richard C. Rosene and Lora J. Rosene (the D-570 Patent). **(Exhibit "A")**.

8. Plaintiff is a small family owned business located in Temecula, California. Plaintiff independently researches, develops, manufactures, and distributes high-quality and innovative pool and spa covers throughout the United States.

9. Plaintiff invests heavily in the design, development, and protection of its innovative pool and spa cover technologies.

10. As a matter of fact, Plaintiff has been awarded numerous United States Patents for its innovative designs and technologies.

11. The D-570 Patent is referred to herein as PLAINTIFF'S PATENT.

12. Upon information and belief, Defendants have been and are knowingly and intentionally infringing, contributing to infringement, and/or inducing others to infringe PLAINTIFF'S PATENT by making, using, offering for sale, selling, or importing pool and spa covers that infringe upon PLAINTIFF'S PATENT.

13. Defendants' infringing products include, but are not limited to pool and spa cover sold under the name "Solar Pad." **(Exhibit "B")**.

14. Defendant BACKYARD OCEAN runs and operates the website presently located at www.backyardocean.com.

15. Through their website, Defendant BACKYARD OCEAN offers for sale and does sell one or more products that infringe PLAINTIFF'S PATENT.

16. Namely, Defendant BACKYARD OCEAN offers for sale and currently sells a 63-inch Solar Pad which is to "[k]eep your pool warm and cozy!" The webpage offering such products for sale is attached hereto and incorporated by

- 3 -

COMPLAINT

this reference as **Exhibit "C."**

17. The Better Business Bureau (www.bbb.org) lists that Defendant BACKYARD OCEAN, has been issued license number 101109903 from the California State Board of Equalization, and that Defendant BACKYARD OCEAN has an "alternate business name" of Pacific Backyard, LLC.

18. The California State Board of Equalization website, located at efile.boe.ca.gov, confirms that license number 101109903 has been issued to Defendant BACKYARD OCEAN, and that the owner for license number 101109903 is Defendant PACIFIC BACKYARD.

19. Furthermore, the California State Board of Equalization website confirms that license number 101109903 operates under the business name "BACKYARD OCEAN."

20. Upon information and belief, Defendants have been on notice of PLAINTIFF'S PATENT.

21. Upon information and belief, Defendants have made substantial sales and substantial profits by selling infringing pool and spa covers.

22. What is worse, by manufacturing and selling cheap knock-offs of Plaintiff's high quality product, Plaintiff's sales of its products have been substantially diminished.

23. Defendants' acts of infringement have occurred within this district and elsewhere throughout the United States.

24. Plaintiff has complied with the provisions of the United States patent laws as 35 U.S.C. § 1 *et seq.* with respect to said patents.

25. Plaintiff has retained the undersigned counsel to represent it in this matter and is obligated to pay a reasonable fee for such representation.

///

///

///

- 4 -

COMPLAINT

## COUNT I

## PATENT INFRINGEMENT

26. Plaintiff realleges and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

27. Plaintiff has not authorized Defendants to make, use, offer for sale, sell or import products infringing PLAINTIFF'S PATENT.

28. Plaintiff is informed and believes, and based thereon alleges that Defendants have infringed PLAINTIFF'S PATENT by, among other things, making, using, importing, advertising, offering for sale, and selling products infringing Plaintiff's patents including, without limitation, "Solar Pad." (**Exhibit "B"**).

29. Defendants are thereby directly infringing said patents, pursuant to 35 U.S.C. § 284.

30. Unless enjoined, Defendants will continue to infringe PLAINTIFF'S PATENT, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendants' conduct.

31. Plaintiff has been damaged and injured by Defendants' conduct, and until an injunction issues will continue to be damaged and injured in an amount yet to be determined.

32. Upon information and belief, Defendants knew or should have known of the PLAINTIFF'S PATENT and the Plaintiff's rights to the patented structures.

33. Defendants proceeded to knowingly and willfully disregard Plaintiff's rights and to infringe PLAINTIFF'S PATENT.

34. Plaintiff is therefore entitled to an amount which is treble the amount of Plaintiff's damages found or assessed.

35. Based on Defendants' willful infringement, Plaintiff believes this to be an "exceptional" case, which entitles Plaintiff to attorney's fees pursuant to 35 U.S.C. § 285.

36. Defendants have caused and continue to cause irreparable injury to Plaintiff by infringement of PLAINTIFF'S PATENT.

## COUNT II

## INDUCEMENT OF PATENT INFRINGEMENT

37. Plaintiff realleges and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

38. Plaintiff has not authorized Defendants to make, use, offer for sale, sell or import products infringing PLAINTIFF'S PATENT.

39. Plaintiff is informed and believes, and based thereon alleges that Defendants have infringed PLAINTIFF'S PATENT by actively inducing its agents and others to, among other things, make, use, import, advertise, offer for sale, and sell products infringing Plaintiff's patents.

40. Defendants are thereby inducing others including, without limitation, Defendants' distributors, retailers, and end users to infringe said patents, pursuant to 35 U.S.C. § 271(b).

41. Unless enjoined, Defendants will continue to induce infringement of PLAINTIFF'S PATENT, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendants' conduct.

42. Plaintiff has been damaged and injured by Defendants' conduct, and until an injunction issues will continue to be damaged and injured in an amount yet to be determined.

43. Upon information and belief, Defendants knew or should have known of PLAINTIFF'S PATENT and the Plaintiff's rights to the patented structures.

44. Defendants proceeded to knowingly and willfully disregard Plaintiff's right and to infringement PLAINTIFF'S PATENT.

45. Plaintiff is therefore entitled to an amount which is treble the amount of Plaintiff's damages found or assessed.

46. Based on Defendants' willful infringement, Plaintiff believes this to be

an "exceptional" case, which entitles Plaintiff to attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT III

## CONTRIBUTORY PATENT INFRINGEMENT

47. Plaintiff realleges and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

48. Plaintiff has not authorized Defendants to make, use, offer for sale, sell or import components of products that when combined with other components result in products that infringe PLAINTIFF'S PATENT.

49. Plaintiff is informed and believes, and based thereon alleges that Defendants have infringed PLAINTIFF'S PATENT by, among other things, selling one or more devices which comprise a material part of the patented invention especially adapted for use in an infringement of PLAINTIFF'S PATENT, without Plaintiff's permission or authority.

50. Defendants are thereby contributorily infringing said patent, pursuant to 35 U.S.C. § 271(c).

51. Unless enjoined, Defendants will continue to contributorily infringe PLAINTIFF'S PATENT, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendants' conduct.

52. Plaintiff has been damaged and injured by Defendants' conduct, and until an injunction issues will continue to be damaged and injured in an amount yet to be determined.

53. Upon information and belief, Defendants knew or should have known of PLAINTIFF'S PATENT and the Plaintiff's rights to the patented structure.

54. Defendants proceeded to knowingly and willfully disregard Plaintiff's right and to infringement Plaintiff's patents.

55. Plaintiff is therefore entitled to an amount which is treble the amount of Plaintiff's damages found or assessed.

56.     Based on Defendant's willful infringement, Plaintiff believes this to be an "exceptional" case, which entitles Plaintiff to attorney's fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Solar Sun Rings, Inc., prays that the Court enter a judgment in favor of Plaintiff as follows:

(1)     That PLAINTIFF'S PATENT is valid and enforceable;

(2)     That PLAINTIFF'S PATENT is infringed by the Defendants;

(3)     That Defendants' infringement was willful;

(4)     That Defendants and their directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing be preliminarily and permanently enjoined from further acts of infringement of PLAINTIFF'S PATENT;

(5)     That Defendants be required to pay Plaintiff damages according to the following:

   a)   In accordance with 35 U.S.C. § 284, the greater of $1,000,000 or, actual damages, and in no event less than a reasonable royalty regarding Defendants' revenues and those of its agents from infringing sales revenues and of revenue convoyed thereby, consequential of Defendant's infringements, pursuant to 35 U.S.C. § 271(a), (b), and (c);

   b)   The greater of $2,000,000 or actual damages resulting from lost revenue suffered by the Plaintiff as a result of Defendants' sales of infringing items;

(6)     That the foregoing damages awards be trebled, pursuant to 35 U.S.C. § 284;

(7)     That this is an exceptional case and that Plaintiff be awarded its reasonable costs and attorney's fees, pursuant to 35 U.S.C. § 285;

(8)     That Plaintiff be awarded Defendant's profits under 35 U.S.C. § 289;

(9)     That Plaintiff be awarded interest from the date of the commencement

- 8 -

of infringement; and

(10) That Plaintiff has such other and further relief as the Court may deem equitable.

Dated: May 28, 2013

Respectfully submitted,
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**

SEPEHR DAGHIGHIAN, ESQ.
Attorney for Plaintiff: Solar Sun Rings, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues raised by this Complaint which are triable by jury.

Dated: May 28, 2013

Respectfully submitted,
LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.

*[signature]*

SEPEHR DAGHIGHIAN, ESQ.
Attorney for Plaintiff: Solar Sun Rings, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**EDCV13- 999 JGB (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY